```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF GEORGIA
                        AUGUSTA DIVISION
```

| | |
|---|---|
| BRIAN D. SWANSON, | \* |
| Plaintiff, | \* |
| v. | \*     CV 122-119 |
| UNITED STATES OF AMERICA, | \* |
| Defendant. | \* |

# O R D E R

Before the Court is Defendant's motion to dismiss. (Doc. 9.) For the following reasons, Defendant's motion is **GRANTED**.

## I. BACKGROUND

The following factual assertions come from Plaintiff's Amended Complaint, Defendant's motion to dismiss and attached documents, and Plaintiff's response to the motion to dismiss. (Docs. 8-10.) Plaintiff Brian Swanson, proceeding *pro se*, filed his Complaint against the Commissioner of the Internal Revenue Service ("IRS") on September 2, 2022 and subsequently filed an Amended Complaint on September 23, 2022, as a matter of right, against Defendant United States of America. (Docs. 1, 8.) Plaintiff is a public school teacher employed by the McDuffie County Board of Education in McDuffie County, Georgia. (Doc. 10,

at 1.)  In 2020, he earned the following income: wages of $86,317 from McDuffie County Board of Education; retirement distributions of $32,844 from Defense Finance and Accounting Service; and distributions aggregating $2,550 from National Financial Services, LLC.  (Doc. 9, at 2 (citing Doc. 9-1).)  Plaintiff filed a 2020 federal tax return and did not report any of his wages from the McDuffie County Board of Education as income, and reported $5 of interest income, $32,844 of retirement income, and a primary economic impact payment of $1,700.  (Id. at 3 (citing Doc. 9-2).) In the present action, Plaintiff seeks: (1) payment of a refund of $6,151.63 that he alleges he is owed for the 2020 tax year because "Defendant has failed to issue the requested refunds"; and (2) a refund of $2,254 of "erroneously paid tax" he was assessed in 2020 because he argues the tax imposed was not "uniform throughout the United States and [is] constitutionally void."  (Doc. 8, at 5.) Defendant moves to dismiss the present action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim.  (Doc. 9, at 1.)  Plaintiff responded in opposition to Defendant's motion (Doc. 10), Defendant replied in support (Doc. 12), and Plaintiff responded to Defendant's reply (Doc. 13).  The Court addresses Defendant's arguments below.

## II. LEGAL STANDARDS

Defendant moves to dismiss Plaintiff's Amended Complaint under Rules 12(b)(1) and 12(b)(6).

### A. 12(b)(1) - Subject Matter Jurisdiction

"Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds." Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009) (citation omitted). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint[; w]hen considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." Id. (citation omitted). "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." Id. (citation omitted). Here, Defendant makes a facial challenge to the Court's subject-matter jurisdiction over this action.[1] Thus, for the purposes of its analysis, the Court accepts as true all facts alleged in the Amended Complaint and construes all reasonable inferences in the light most favorable to Plaintiff. See Belanger v. Salvation Army,

---

[1] Defendant attached two documents to its motion to dismiss, first, a "Wage and Income Transcript," which is a document showing the wage and income information reported by third parties to the IRS for Plaintiff, and second, a "Tax Return Transcript," which shows the line items reported on Plaintiff's 2020 tax return. (Doc. 9, at 2; Doc. 9-1; Doc. 9-2.) The Court may consider these documents because the documents are central to Plaintiff's claims and their authenticity is not challenged. See McClure v. Oasis Outsourcing II, Inc., 674 F. App'x 873, 875 (11th Cir. 2016).

3

556 F.3d 1153, 1155 (11th Cir. 2009). Nevertheless, Plaintiff, as the party invoking the Court's jurisdiction, "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted).

### B. 12(b)(6) - Failure to State a Claim

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). The Court need not accept the

4

pleading's legal conclusions as true, only its well-pleaded facts. Id. at 677-79. Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

### III. DISCUSSION

The Court first addresses whether it has subject matter jurisdiction over Plaintiff's claims.

**A. Claim for Refund of $6,151.63**

Defendant moves to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction because Plaintiff filed a frivolous tax return by reporting his 2020 wage income as zero dollars. (Doc. 9, at 4-5, 7.) In response, Plaintiff argues he filed a valid claim for a refund because his "employment earnings as a public school teacher are excluded by law from gross income in accordance with 26 C.F.R. § 1.61-1." (Doc. 10, at 2.)

"The United States has sovereign immunity from suit unless it consents to be sued, and the statute consenting to suit 'define[s] [the district] court's jurisdiction to entertain the suit." Enax v. Comm'r, 476 F. App'x 857, 859 (11th Cir. 2012) (per curiam)

5

(quoting Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1188 (11th Cir. 2011)). As a limited waiver of sovereign immunity, the United States allows a taxpayer to sue for a tax refund but only if the taxpayer first files a refund claim with the government. 28 U.S.C. § 1346(a)(1); 26 U.S.C. § 7422(a); see Enax, 476 F. App'x at 859 (if taxpayer does not first file properly executed refund claim under section 7422(a), "the district court does not have jurisdiction to entertain the tax refund suit"); Ruble v. U.S. Gov't, Dep't of Treasury, I.R.S., 159 F. Supp. 2d 1381, 1383 (N.D. Ga. 2001) (citing Charter Co. v. United States, 971 F.2d 1576, 1579 (11th Cir. 1992)). Although an income tax return may qualify as a refund claim, the tax return must be "properly executed" and "must at a minimum 'identify . . . 'the essential requirements' of each and every refund demand.'" Ruble, 159 F. Supp. 2d at 1383 (quoting 26 C.F.R. § 301.6402-3(a)(5); Thompson v. United States, No. 1:98-CV-1838, 1999 WL 302453, at *2 (N.D. Ga. Mar. 22, 1999) (quoting In re Ryan, 64 F.3d 1516, 1521 (11th Cir. 1995))). When a taxpayer claims a refund based on arguments that are "nothing short of frivolous and fraudulent," the tax return does not constitute a properly executed refund claim. Thompson, 1999 WL 302453, at *2; see 26 U.S.C. § 6702(a)(1)(B) (defining a frivolous return as one which "contains information that on its face indicates that the self-assessment is substantially incorrect").

6

Plaintiff's 2020 tax return is not a properly executed tax return that constitutes a refund claim. Plaintiff cites various statutes and regulations in support of his argument that his return is valid, but the crux of his argument is that "[m]oney received as compensation for service is property," and under 26 U.S.C. § 83, he is only required to report "any compensation in excess of the 'fair market value' [of property] as 'gross income.'" (Doc. 10, at 3-4.) He argues the fair market value for his "service" is the amount of his salary, and therefore, he is not required to report the entire amount he earned as "gross income"; rather, he only has to report payments received "in addition to [his] regular paycheck." (Id. at 4.) He asserts the amount of compensation he received in 2020 in addition to his regular paycheck was zero dollars, so his tax return where he reported zero dollars in wages from the McDuffie Board of Education is not frivolous. (Id.)

Plaintiff has already been informed by this Court that his wages as a public school teacher are subject to income tax.[2] See Swanson v. United States, 1:19-cv-013, 2019 WL 7880022, at *1-2 (S.D. Ga. May 3, 2019), aff'd, 799 F. App'x 668 (11th Cir. 2020); Swanson v. United States, 1:18-cv-196, 2019 WL 5390863, at *1 (S.D. Ga. Sept. 27, 2019). Nevertheless, Plaintiff reported zero dollars

---

[2] Plaintiff asserts he "has made no arguments in this suit that his earnings are not income or that he is not subject to the income tax, or other similar claims." (Doc. 10, at 1.) Despite this contention, Plaintiff argues exactly that.

7

of income wages from the McDuffie County Board of Education on his 2020 tax return. (Doc. 9-1, at 1; Doc. 9-2, at 1.) In <u>Swanson</u>, the Eleventh Circuit rejected a variation of the argument Plaintiff now asserts. 799 F. App'x at 670. The court stated it already "rejected as frivolous arguments that there is no gain in compensation for labor because the value of the compensation equals the value of the labor." <u>Id.</u> (citing <u>Lonsdale v. Comm'r</u>, 661 F.2d 71, 72 (5th Cir. 1981)). Here, Plaintiff's argument that he was only required to report compensation in excess of his salary as income is equally unavailing. Plaintiff's wages of $86,317 from the McDuffie County Board of Education were reportable as wage income, yet he reported zero dollars in wage income on his 2020 tax return. (Doc. 9-1, at 1; Doc. 9-2, at 1.) As such, Plaintiff failed to follow the procedure required to bring this suit against the United States, and the Court lacks jurisdiction over this matter. <u>See</u> <u>Thompson</u>, 1999 WL 302453, at *2 (court lacks jurisdiction because frivolous tax return did not qualify as refund claim); <u>Ruble</u>, 159 F. Supp. 2d at 1384. Therefore, Plaintiff's claim for a refund of $6,151.63 based on his 2020 tax return is **DISMISSED** for lack of subject matter jurisdiction.

**B. Claim for Refund of $2,254.00**

Additionally, Plaintiff argues that the tax imposed on him "is not uniform throughout the United States and [is] constitutionally void" and as such, he is entitled to a return of

the $2,254 he paid in taxes for tax year 2020.³ (Doc. 8, at 5.) This argument is frivolous. See Buchbinder v. Comm'r, 60 T.C.M. (CCH) 1421 (1990) (rejecting the petitioner's argument that Federal income tax violates the uniformity clause as one of "a multitude of arguments that have been rejected as frivolous by this Court and every court"). Therefore, Defendant's motion to dismiss is **GRANTED** and Plaintiff's claim for a refund of $2,254 is **DISMISSED.**⁴

Finally, the Court warns Plaintiff that should he continue to file frivolous lawsuits, his ability to seek redress with this Court will be sharply limited. See Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 517 (11th Cir. 1991) (holding that access to courts "may be counterbalanced by the traditional right of courts to manage their dockets and limit abusive filings").

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Doc. 9) is **GRANTED**. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

---

³ Plaintiff does not specifically cite the Uniformity Clause in Article I, Section 8 of the Constitution, however, he argues "[t]he tax imposed on Plaintiff is not uniform throughout the United States and [is] constitutionally void." (Doc. 8, at 5.)
⁴ Because the Court lacks subject matter jurisdiction over Plaintiff's claims, the Court need not address Defendant's remaining arguments.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of May, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA